# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL A. NEWDOW,
        *Plaintiff-Appellant,*

v.

PETER LEFEVRE, Law Revision
Counsel; UNITED STATES OF
AMERICA; HENRY M. PAULSON, JR.,*
Secretary of the Treasury;
HENRIETTA HOLSMAN FORE,
Director, United States Mint;
THOMAS A. FERGUSON, Director,
Bureau of Engraving and Printing;
THE CONGRESS OF THE UNITED
STATES OF AMERICA,
        *Defendants-Appellees,*

PACIFIC JUSTICE INSTITUTE,
   *Defendant-Intervenor-Appellee.*

No. 06-16344

D.C. No.
CV-05-02339-FCD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Argued and Submitted
December 4, 2007—San Francisco, California

Filed March 11, 2010

Before: Dorothy W. Nelson, Stephen Reinhardt, and
Carlos T. Bea, Circuit Judges.

*Henry M. Paulson, Jr. is substituted for his predecessor, John W.
Snow, as Secretary of the Treasury, pursuant to Fed. R. App. P. 43(c)(2).

Opinion by Judge Bea;
Concurrence by Judge Reinhardt

---

**COUNSEL**

Michael A. Newdow (argued), in pro per, Sacramento, California; for the plaintiff-appellant.

Peter D. Keisler, McGregor W. Scott, Robert M. Loeb, Lowell V. Sturgill Jr. (argued), Department of Justice, Washington, D.C.; for defendants-appellees the United States of America *et al.*

Kevin T. Snider (argued), Pacific Justice Institute, Sacramento, California; for defendant-intervenor-appellee Pacific Justice Institute.

Norman Goldman, Law Office of Norman Goldman, Los Angeles, California; for Atheists and Other Freethinkers as Amicus Curiae in Support of plaintiff-appellant.

Edward L. White III, Thomas More Law Center, Ann Arbor, Michigan; for the Thomas More Law Center as Amicus Curiae in Support of the defendants-appellees.

Erik W. Stanley, Mary E. McAlister, Liberty Counsel, Lynchburg, Virginia; Mathew D. Staver, Anita L. Staver, Liberty Counsel, Maitland, Florida; for Liberty Counsel as Amicus Curiae in Support of the defendants-appellees.

Jay Alan Sekulow, Stuart J. Roth, Colby M. May, Shannon Demos Woodruff, American Center for Law and Justice, Washington, D.C.; Douglass S. Davert, David C. Loe, Davert & Loe, Long Beach, California; John Casoria, Law Office of John Casoria, Coto de Caza, California; for American Center for Law and Justice et al. as Amici Curiae in Support of the defendants-appellees.

Roy S. Moore, Gregory M. Jones, Benjamin D. Dupré, Foundation for Moral Law, Montgomery, Alabama; for the Foundation for Moral Law as Amicus Curiae in Support of the defendants-appellees.

Gary G. Kreep, Vicki A. Rothman, D. Colette Wilson, United States Justice Foundation, Ramona, California; for the United States Justice Foundation *et al.* as Amici Curiae in Support of the defendants-appellees.

Steven W. Fitschen, Barry C. Hodge, The National Legal Foundation, Virginia Beach, Virginia; for Wallbuilders, Inc., as Amicus Curiae in Support of the defendants-appellees.

**OPINION**

BEA, Circuit Judge:

This case calls upon us to decide whether the national motto of the United States, "In God We Trust," and its inscription on the Nation's coins and currency, violates the Establishment Clause of the First Amendment or the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb *et seq*, or both. We hold our decision in *Aronow v. United States*, 432 F.2d 242 (9th Cir. 1970), forecloses both claims. Accordingly, we affirm the district court's order dismissing this case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.　Factual and Procedural Background

Plaintiff Michael A. Newdow ("Newdow") is an ordained minister and founder of the First Amendmist Church of True Science ("FACTS"). Newdow and the members of FACTS are Atheists "whose religious beliefs are specifically and explicitly based on the idea that there is no god."

This case is part of a group of lawsuits Newdow has started challenging various government-sanctioned references to God.[1] In this action, Newdow alleges the statute that establishes "In God We Trust" as the national motto, 36 U.S.C. § 302,[2] and the statutes that require the motto's inscription on the

---

[1]Named as Defendants in this case are the United States of America, the Congress of the United States of America, the Law Revision Counsel, the Secretary of the Treasury, the Director of the United States Mint, and the Director of the Bureau of Engraving and Printing ("Defendants"). The district court allowed the Pacific Justice Institute, a "Sacramento-based, non-profit organization dedicated to defending religious and civil liberties," to intervene as a defendant.

[2]" 'In God we trust' is the national motto." 36 U.S.C. § 302.

Nation's coins and currency, 31 U.S.C. §§ 5112(d)(1),[3] 5114(b),[4] violate the Establishment Clause of the First Amendment and the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.*[5] Newdow asks this court to declare §§ 302, 5112(d)(1), and 5114(b) violate the Establishment Clause and RFRA. Newdow also requests injunctive relief to enjoin the Defendants from inscribing the motto on coins and currency, placing in the United States Code any act or law that references the motto, and "such and other further relief" as this court deems proper.

The Defendants filed a motion to dismiss Newdow's action under Federal Rule of Civil Procedure 12(b)(6). In their motion, the Defendants contended, *inter alia*, Newdow lacks standing to sue; his Establishment Clause claim is foreclosed by Ninth Circuit precedent; and he failed to allege facts sufficient to state a RFRA claim.

The district court granted the Defendants' Rule 12(b)(6) motion to dismiss. As an initial matter, the district court held Newdow had standing to bring his claims. According to the district court, Newdow suffered a cognizable injury-in-fact because the motto forced him repeatedly to confront a religious symbol he found offensive. The district court further held a judicial declaration that the motto is unconstitutional would redress this injury.

The district court dismissed the Legislative Branch Defendants (Congress and the Law Revision Counsel) as immune from suit under the Speech and Debate Clause of Article I of

---

[3]"United States coins shall have the inscription 'In God We Trust.' " 31 U.S.C. § 5112(d)(1).

[4]"United States currency has the inscription 'In God We Trust' in a place the Secretary decides is appropriate." 31 U.S.C. § 5114(b).

[5]Newdow also brought claims under the Free Exercise Clause, the Free Speech Clause, and the Equal Protection Clause, but he has abandoned those claims on appeal.

the United States Constitution. *See* U.S. Const. art. I, § 6, cl. 1 ("[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place."). Newdow did not appeal this ruling.

Turning to the merits of the case, the district court held our decision in *Aronow* forecloses Newdow's Establishment Clause claim. The district court held *Aronow* also bars Newdow's RFRA claim, because the RFRA claim rests on Newdow's "assertion that the motto is blatantly religious" and thus "simply restate[s]" the Establishment Clause claim. Therefore, the district court dismissed Newdow's complaint for failure to state a claim upon which relief can be granted.

Newdow's timely appeal to this court followed.

## II.   Standard of Review

We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). When we review the grant of a motion to dismiss, "we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id.*

## III.   Standing

**[1]** The Defendants contend Newdow lacks standing to challenge the statutes that adopt "In God We Trust" as the national motto and require its inscription on coins and currency.[6] The "irreducible constitutional minimum of standing" contains three elements: (1) injury-in-fact; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

---

[6]Standing to bring a RFRA challenge is "governed by the general rules of standing under article III of the Constitution," 42 U.S.C. § 2000bb-1(c), so our standing analysis in this section applies equally to Newdow's Establishment Clause and RFRA claims.

**[2]** Newdow has standing to challenge the statutes that require the inscription of the motto on coins and currency, 31 U.S.C. §§ 5112(d)(1) and 5114(b). Newdow alleges—given the ubiquity of coins and currency in everyday life—the placement of "In God We Trust" on the Nation's money forces him repeatedly to encounter a religious belief he finds offensive. Under our precedent, "spiritual harm resulting from unwelcome direct contact with an allegedly offensive religious (or anti-religious) symbol is a legally cognizable injury and suffices to confer Article III standing." *Vasquez v. L.A. County*, 487 F.3d 1246, 1253 (9th Cir. 2007). That Newdow's encounters with the motto are common to all Americans does not defeat his standing, because Newdow has alleged a concrete, particularized, and personal injury resulting from his frequent, unwelcome contact with the motto. *See FEC v. Akins*, 524 U.S. 11, 24 (1998) ("[W]here a harm is concrete, though widely shared, the Court has found 'injury in fact.' "). Further, Newdow's unwelcome contact with the national motto is caused by the statutes requiring the placement of the motto on coins and currency, and is redressable by an injunction ordering the removal of the motto from coins and currency.[7] Thus, Newdow satisfies all three requirements for Article III standing as to his challenge to §§ 5112(d)(1) and 5114(b).[8]

---

[7]The Defendants contend Newdow's injury is not redressable because he requests injunctive relief that would prohibit the Defendants from continuing to place the motto on coins and currency in the future. This injunction, the Defendants assert, would leave untouched the vast quantities of currency already in circulation and thus would not "appreciably reduce" Newdow's exposure to the motto. Nevertheless, Newdow's complaint also asks for "such and other further relief" as we may deem proper, which could include an injunction requiring the replacement of currency already in circulation.

[8]The Defendants assert Newdow is collaterally estopped from alleging the placement of the motto on coins and currency causes him an injury-in-fact. In support, the Defendants cite our decision in *Newdow v. Bush*, 89 F. App'x 624 (9th Cir. 2004) (unpublished memorandum disposition), where we held Newdow lacked Article III standing to bring an Establishment Clause challenge to clergy-led prayer at the 2001 presidential inau-

**[3]** Nevertheless, Newdow lacks standing to challenge 36 U.S.C. § 302, which merely recognizes "In God We Trust" is the national motto.[9] Unlike §§ 5112(d)(1) and 5114(b), § 302 does not authorize or require the inscription of the motto on any object. Without §§ 5112 and 5114, the motto would not appear on coins and currency, and Newdow would lack the "unwelcome direct contact" with the motto that gives rise to his injury-in-fact. Although Newdow alleges the national motto turns Atheists into political outsiders and inflicts a stigmatic injury upon them, an "abstract stigmatic injury" resulting from such outsider status is insufficient to confer standing. *See Allen v. Wright*, 468 U.S. 737, 755-56 (1984).

Newdow alleges, however, the injury caused by the national motto is personal, because he was "recently refused a job because of the [misperception] of his activism" and has given up hope of obtaining elected office because of government-perpetuated anti-Atheism bias. Nevertheless, these claims are insufficient to establish standing, because Newdow cannot show these claimed injuries are traceable to the Defendants, and not to the actions of third parties who are not before this court—*i.e.*, the employer who denied Newdow a job or the electorate whom Newdow alleges would not elect him to public office.[10] *See Simon v. E. Ky. Welfare Rights*

---

guration, because Newdow failed to allege a "sufficiently concrete and specific injury." The Defendants' collateral estoppel argument lacks merit because *Newdow v. Bush* involved a different Establishment Clause challenge from the present case. *See Blackfoot Livestock Comm'n Co. v. Dept' of Agriculture, Packers & Stockyards Admin.*, 810 F.2d 916, 922 (9th Cir. 1987) (holding a party cannot invoke collateral estoppel if "the factual issues litigated were different from those in the present case").

[9]During oral argument, Newdow conceded he could not establish standing to challenge § 302, were it not for the statutes requiring the inscription of the motto on coins and currency. Oral Argument (Dec. 4, 2007) at 7:00-8:30.

[10]Further, Newdow does not allege he ever sought public office, so any injury resulting from his failure to attain public office is purely hypothetical and insufficient to show injury-in-fact. *See Lujan*, 504 U.S. at 560 (holding an injury must be "concrete and particularized," and not "conjectural" or "hypothetical," to give rise to Article III standing).

*Org.*, 426 U.S. 26, 28, 41-42 (1976) (holding the indigent plaintiffs lacked standing to challenge an Internal Revenue Service Ruling that provided favorable tax treatment to hospitals who denied certain services to indigents, because it was "purely speculative" whether the denials of service could be traced to the Revenue Ruling or, instead, to decisions made by the hospitals without regard to any tax implications).

**[4]** In sum, Newdow lacks standing to challenge § 302, but has standing to challenge §§ 5112(d)(1) and 5114(b).

## IV.   The Establishment Clause

**[5]** The Establishment Clause of the First Amendment states: "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. The Establishment Clause prohibits the enactment of a law or official policy that "establishes a religion or religious faith, or tends to do so." *Lynch v. Donnelly*, 465 U.S. 668, 678 (1984).

Newdow alleges the placement of "In God We Trust" on coins and currency violates the Establishment Clause. According to Newdow, the motto unconstitutionally places the government's imprimatur on a belief in a monotheistic God. Newdow further alleges the national motto turns him and other Atheists into political outsiders by reinforcing the "twin notions that belief in God is 'good,' and disbelief in God is 'bad.' " Thus, Newdow asserts the statutes requiring the inscription of the motto on coins and currency run afoul of the Establishment Clause.

**[6]** Newdow's Establishment Clause claim is foreclosed by our decision in *Aronow v. United States*, 432 F.2d 242 (9th Cir. 1970). In *Aronow*, we held the national motto, "In God We Trust," and the statutes requiring its placement on coins and currency, do not violate the Establishment Clause. *Id.* at 243. We reasoned:

> It is quite obvious that the national motto and the slogan on coinage and currency 'In God We Trust' has nothing whatsoever to do with the establishment of religion. Its use is of a patriotic or ceremonial character and bears no true resemblance to a governmental sponsorship of a religious exercise.

> \*    \*    \*

> It is not easy to discern any religious significance attendant the payment of a bill with coin or currency on which has been imprinted 'In God We Trust' or the study of a government publication or document bearing that slogan. . . . While 'ceremonial' and 'patriotic' may not be particularly apt words to describe the category of the national motto, it is excluded from First Amendment significance because the motto has no theological or ritualistic impact. As stated by the Congressional report, it has 'spiritual and psychological value' and 'inspirational quality.'

*Id.* at 243-44 (footnotes omitted).[11]

Newdow concedes his Establishment Clause challenge is "essentially identical" to the one raised in *Aronow*, but contends *Aronow* is not binding precedent. As a general rule, we, as a three-judge panel, are without authority to "overrule a circuit precedent; that power is reserved to the circuit court sitting en banc." *Robbins v. Carey*, 481 F.3d 1143, 1149 n.3 (9th Cir. 2007). Nevertheless, "where the reasoning or theory

---

[11]Our sister circuits are in accord with *Aronow*. Indeed, every circuit to address the question has held the national motto does not violate the Establishment Clause. *See, e.g.*, *Lambeth v. Bd. of Comm'rs of Davidson County, North Carolina*, 407 F.3d 266, 270-73 (4th Cir.), *cert. denied*, 546 U.S. 1015 (2005); *Gaylor v. United States*, 74 F.3d 214, 217-18 (10th Cir.), *cert. denied*, 517 U.S. 1211 (1996); *O'Hair v. Murray*, 588 F.2d 1144, 1144 (5th Cir.), *cert. denied*, 442 U.S. 930 (1979).

of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

Newdow asserts the reasoning and theory of *Aronow* is "clearly irreconcilable" with intervening Supreme Court precedent. According to Newdow, the Supreme Court's Establishment Clause jurisprudence went through significant changes since *Aronow* was decided. Specifically, Newdow notes all of the Establishment Clause tests with which he asserts "In God We Trust" is "incompatible" were developed by the Supreme Court after *Aronow* was decided. Therefore, Newdow contends *Aronow* is no longer binding precedent.

**[7]** We disagree. That the Supreme Court has developed new Establishment Clause tests does not render *Aronow* "clearly irreconcilable" with Supreme Court precedent. Newdow did not and cannot cite a single Supreme Court case that called into question the motto's constitutionality or otherwise invalidated *Aronow*'s reasoning or theory. To the contrary, and consistent with *Aronow*, the Supreme Court has noted in dicta the national motto does not violate the Establishment Clause. *See County of Allegheny v. ACLU*, 492 U.S. 573, 602-03 (1989) (noting the motto is "consistent with the proposition that government may not communicate an endorsement of religious belief"); *Lynch*, 465 U.S. at 676 (noting the "statutorily prescribed national motto 'In God We Trust' " is a constitutional "reference to our religious heritage"); *see also United States v. Montero-Camargo*, 208 F.3d 1122, 1132 n.17 (9th Cir. 2000) ("Supreme Court dicta have a weight that is greater than ordinary judicial dicta as prophecy of what that Court might hold; accordingly, we do not blandly shrug them off because they were not a holding." (citation and internal quotation marks omitted)).

Alternatively, Newdow asserts *Aronow* is not binding precedent because the district court in *Aronow* held the "plaintiff, as a taxpayer and citizen, lacked standing to challenge the validity of the statutes." *Aronow*, 432 F.2d at 243. On appeal, however, the *Aronow* court decided the merits of the Establishment Clause claim after assuming, but without deciding, the plaintiff had standing. *Id.* Newdow contends *Aronow*'s failure to address the standing question renders it without precedential value, because a court lacks subject matter jurisdiction without Article III standing. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc).

**[8]** This contention is without merit. The Supreme Court in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), decided after *Aronow*, invalidated the practice of "hypothetical jurisdiction"—i.e., assuming jurisdiction for the purpose of deciding the merits of a case. *Id.* at 93-94. After *Steel Co.*, a court cannot do what the *Aronow* court did: address the merits of a case without ensuring it has jurisdiction over the case. Nevertheless, the Supreme Court in *Steel Co.* did not overturn the holdings of every case that had been decided using the "hypothetical jurisdiction" approach; *Steel Co.* held only that courts may not decide cases using that approach in the future. Thus, *Aronow*'s failure to address whether the plaintiff had standing does not undermine the precedential value of its holding that the national motto does not violate the Establishment Clause.

**[9]** Accordingly, Newdow's Establishment Clause challenge is foreclosed by *Aronow*.

## V. Religious Freedom Restoration Act of 1993 ("RFRA")

**[10]** Under RFRA, the government cannot "substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless the government can show the rule is in furtherance of a "compelling

governmental interest" and is the "least restrictive means" of furthering that governmental interest. 42 U.S.C. § 2000bb-1. Newdow alleges the inscription of "In God We Trust" on coins and currency substantially burdens the free exercise of his religion in two primary ways. First, because Newdow's religion prohibits him from carrying currency that bears the motto "In God We Trust," Newdow is impeded in his ability to engage in religious activities that require cash payments— *e.g.*, purchase of church attire, ingredients for the church libation "The Freethink Drink," and books for the church library; travel for religious purposes to locations that require cash payments; and raise funds through cash donations. Second, because Newdow cannot entirely avoid using money in his daily life, the inscription of the motto on coins and currency forces him to violate a basic tenet of his religion and requires him to evangelize for a religious belief he expressly decries.

**[11]** The burdens Newdow contends are imposed by the motto rest on a single premise: the motto represents a purely religious dogma and constitutes a government endorsement of religion.[12] During oral argument, Newdow confirmed his RFRA claim is dependent on his contention that the national motto represents a religious dogma and constitutes governmental sponsorship of religion. Newdow further confirmed he does not claim his religious exercise would be burdened even if the motto were not a purely religious dogma.

---

[12]For instance, the complaint makes the following allegations: "Newdow is forced to confront government-endorsed, purely religious dogma . . . ."; "Defendants have chosen to place purely ((Christian) monotheistic) religious dogma on the coins and currency . . . ."; "Defendants' use of the purely religious, (Christian) monotheistic motto has also substantially burdened Newdow's ability to meet and assemble with others for the purpose of furthering his ministry."; "[Newdow is] forced to evangelize for (Christian) Monotheism precisely as Congress and others envisioned." Newdow's opening brief in this court similarly alleges: "Defendants have essentially compelled [Newdow] to bear on his person items that make a purely religious claim . . . ."; and "Plaintiff is, in essence, forced to advocate for Monotheism, a religious belief system he expressly repudiates.").

**[12]** As a result, Newdow's RFRA claim is barred by *Aronow*. Although *Aronow* was an Establishment Clause challenge to the motto, and did not involve a RFRA claim, *Aronow* forecloses the central premise of Newdow's RFRA claim: the motto is a purely religious dogma and a government endorsement of religion. *Aronow* held the national motto is of a "patriotic or ceremonial character," has no "theological or ritualistic impact," and does not constitute "governmental sponsorship of a religious exercise." *Aronow*, 432 F.2d at 243-44.

## VI.    Conclusion

We hold Newdow lacks standing to challenge 36 U.S.C. § 302. Newdow's Establishment Clause challenge against 31 U.S.C. §§ 5112(d)(1) and 5114(b) and his RFRA claim are foreclosed by binding Ninth Circuit precedent. We dismiss Newdow's challenge to § 302 for lack of jurisdiction, and affirm the district court's order dismissing the remaining causes of action for failure to state a claim upon which relief can be granted.

**AFFIRMED.**

---

REINHARDT, Circuit Judge, concurring in the result only:

The majority opinion in *Newdow v. Rio Linda Union School District*, No. 05-17257, which has today become the law of the circuit, fails to comprehend the constitutional principles set forth in the relevant Establishment Clause cases that the Supreme Court has decided in the years following our decision in *Aronow v. United States*, 432 F.2d 242 (9th Cir. 1970). *See Rio Linda* dissent *passim* (Reinhardt, Circuit Judge). Because I am now required to follow that precedent, no matter how misguided, I am also now required to conclude that Newdow's claims in this case are foreclosed by *Aronow*,

and therefore to concur in the result. I do not express any view as to what result I might have reached in the absence of the numerous errors of constitutional law that the majority made in *Rio Linda*, and the erroneous result it reached.