**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Agustin GOROSAVE, Defendant–Appellant.**

No. 10–50513.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2012.*

Filed April 20, 2012.

Michelle Montgomery Pettit, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esquire, Assistant Appellate Supervisor, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

**MEMORANDUM** **

Carlos Agustin Gorosave appeals from the 151–month sentence imposed following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gorosave contends that the district court erred in determining that his 1996 conviction for assault with a deadly weapon in violation of section 245(a) of the California Penal Code constituted a crime of violence under U.S.S.G. § 4B1.2(a). This contention is foreclosed by *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Gorosave's argument that we are not bound by *Grajeda* in light of the subsequent case of *Johnson v. United States*, —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), is without merit. *See Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir.2010) (a three-judge panel may ignore circuit precedent only where it is "clearly irreconcilable" with intervening higher authority); *Banuelos–Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir.2010) (concluding that *Johnson*, which concerned a statute "akin to California's simple battery statute," did not undermine the court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.