UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel PINEDA–FERNANDEZ, a.k.a.
Jorge Pineda–Fernandez,
Defendant–Appellant.

No. 10–50591.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2012.*

Filed April 20, 2012.

Sean Coyle, Office of the U.S. Attorney, Bruce R. Castetter, Assistant U.S. Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jorge Pineda–Fernandez, Joseph M. McMullen, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM **

Manuel Pineda–Fernandez appeals from the 70–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pineda–Fernandez contends that the district court erred in applying a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), because assault with a deadly weapon under section 245(a) of the California Penal Code is not a categorical crime of violence. This contention is foreclosed by *United States v. Grajeda,* 581 F.3d 1186, 1197 (9th Cir.2009). Pineda–Fernandez's argument that we are not bound by *Grajeda* in light of the subsequent case of *Johnson v. United States,* —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), is without merit. *See Newdow v. Lefevre,* 598 F.3d 638, 644 (9th Cir.2010) (a three-judge panel may ignore circuit prec-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

edent only where it is "clearly irreconcilable" with intervening higher authority); *Banuelos–Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir.2010) (concluding that Johnson, which concerned a statute "akin to California's simple battery statute," did not undermine the court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

**AFFIRMED.**