**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lazaro BAHENA–ARANDA,**
**Defendant–Appellant.**

**No. 11–10181.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2012.[*]

Filed April 20, 2012.

Bruce M. Ferg, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Gloria Torres, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

MEMORANDUM [**]

Lazaro Bahena–Aranda appeals from the 50–month sentence imposed following his guilty-plea conviction for reentry after

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bahena–Aranda contends that the district court erred in applying a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), because assault with a deadly weapon under section 245(a) of the California Penal Code is not a categorical crime of violence. This contention is foreclosed by *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir.2009). Bahena–Aranda's argument that we are not bound by *Grajeda* in light of the subsequent case of *Johnson v. United States*, —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), is without merit. *See Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir.2010) (a three-judge panel may ignore circuit precedent only where it is "clearly irreconcilable" with intervening higher authority); *Banuelos–Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir.2010) (concluding that *Johnson*, which concerned a statute "akin to California's simple battery statute," did not undermine the court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

Bahena–Aranda's contention that the district court erred by failing to examine judicially noticeable documents fails because his prior conviction is a categorical crime of violence. *See Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Bahena–Aranda does not contest the fact of his prior conviction, nor did the district court err in relying on the uncontested pre-sentence report to establish the fact of that conviction.

tion. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1163 (9th Cir.2000).

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.