UNITED STATES of America,
Plaintiff–Appellee,

v.

Ruben CARRAZCO–GALVAN,
Defendant–Appellant.

No. 11–50110.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2012.*

Filed April 20, 2012.

Matthew John Gardner, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

### MEMORANDUM **

Ruben Carrazco–Galvan appeals from the 51–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carrazco–Galvan first contends that the district court erred in applying a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), because assault on an officer with a deadly weapon in violation of section 245(c) of the California Penal Code is not a categorical crime of violence. This contention is foreclosed by *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Carrazco–Galvan's argument that we are not bound by *Grajeda* in light of the subsequent case of *Johnson v. United States*, —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), is without merit. *See Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir.2010) (a three-judge panel may ignore circuit precedent only where it is "clearly irreconcilable" with intervening higher authority); *Banuelos–Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir.2010) (concluding that *Johnson*, which concerned a statute "akin to California's simple battery stat-

*See* Fed. R.App. P. 34(a)(2).

ute," did not undermine the court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

Carrazco–Galvan also contends that the district court erred by denying a departure for cultural assimilation, and that it imposed a substantively unreasonable sentence. The record reflects that the district court understood its discretion to depart and did not err in declining to do so. *See* U.S.S.G. § 2L1.2 cmt. n. 8. Carrazco–Galvan's sentence at the bottom of the Guidelines range is substantively reasonable, in light the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.