**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN CARRAZCO-GALVAN,

Defendant - Appellant.

No. 11-50110

D.C. No. 3:09-cr-03370-BTM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Ruben Carrazco-Galvan appeals from the 51-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

Carrazco-Galvan first contends that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), because assault on an officer with a deadly weapon in violation of section 245(c) of the California Penal Code is not a categorical crime of violence. This contention is foreclosed by *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Carrazco-Galvan's argument that we are not bound by *Grajeda* in light of the subsequent case of *Johnson v. United States*, 130 S. Ct. 1265 (2010), is without merit. *See Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir. 2010) (a three-judge panel may ignore circuit precedent only where it is "clearly irreconcilable" with intervening higher authority); *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) (concluding that *Johnson*, which concerned a statute "akin to California's simple battery statute," did not undermine the court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

Carrazco-Galvan also contends that the district court erred by denying a departure for cultural assimilation, and that it imposed a substantively unreasonable sentence. The record reflects that the district court understood its discretion to depart and did not err in declining to do so. *See* U.S.S.G. § 2L1.2

cmt. n. 8.  Carrazco-Galvan's sentence at the bottom of the Guidelines range is substantively reasonable, in light the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**