**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10181 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-02936-CKJ-JJM |
| v. | |
| LAZARO BAHENA-ARANDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Lazaro Bahena-Aranda appeals from the 50-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of 8

U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bahena-Aranda contends that the district court erred in applying a 16-level

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

enhancement under U.S.S.G. § 2L1.2(b)(1)(A), because assault with a deadly weapon under section 245(a) of the California Penal Code is not a categorical crime of violence. This contention is foreclosed by *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Bahena-Aranda's argument that we are not bound by *Grajeda* in light of the subsequent case of *Johnson v. United States*, 130 S. Ct. 1265 (2010), is without merit. *See Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir. 2010) (a three-judge panel may ignore circuit precedent only where it is "clearly irreconcilable" with intervening higher authority); *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) (concluding that *Johnson*, which concerned a statute "akin to California's simple battery statute," did not undermine the court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

Bahena-Aranda's contention that the district court erred by failing to examine judicially noticeable documents fails because his prior conviction is a categorical crime of violence. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). Bahena-Aranda does not contest the fact of his prior conviction, nor did the district court err in relying on the uncontested pre-sentence report to establish the fact of that conviction. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000).

**AFFIRMED.**