**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CARLOS AGUSTIN GOROSAVE,<br><br>Defendant - Appellant. | No. 10-50513<br><br>D.C. No. 3:08-cr-04429-DMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Carlos Augustin Gorosave appeals from the 151-month sentence imposed

following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C.

§ 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gorosave contends that the district court erred in determining that his 1996 conviction for assault with a deadly weapon in violation of section 245(a) of the California Penal Code constituted a crime of violence under U.S.S.G. § 4B1.2(a). This contention is foreclosed by *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Gorosave's argument that we are not bound by *Grajeda* in light of the subsequent case of *Johnson v. United States*, 130 S. Ct. 1265 (2010), is without merit. *See Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir. 2010) (a three-judge panel may ignore circuit precedent only where it is "clearly irreconcilable" with intervening higher authority); *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) (concluding that *Johnson*, which concerned a statute "akin to California's simple battery statute," did not undermine the court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

**AFFIRMED.**