**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50373 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01421-LAB |
| v. | |
| FRANCISCO JIMENEZ-ARZATE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Francisco Jimenez-Arzate appeals from the district court's judgment and

challenges the 34-month sentence imposed following his guilty-plea conviction for

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jimenez-Arzate contends that the district court erred by applying a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because assault with a deadly weapon under section 245(a) of the California Penal Code is not a categorical crime of violence in light of recent California case law that does not require the intentional use of force for a conviction under section 245(a). This contention is foreclosed by *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Jimenez-Arzate's argument that we are not bound by *Grajeda* is without merit. *See Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir. 2010) (a three-judge panel is bound by circuit precedent unless it is "clearly irreconcilable" with intervening higher authority); *see also Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) (concluding that *Johnson v. United States*, 559 U.S. 133 (2010), which concerned a statute "akin to California's simple battery statute," did not undermine this court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

Jimenez-Arzate also contends that the district court erred in imposing a three-year term of supervised release in light of U.S.S.G. § 5D1.1(c) and Jimenez-Arzate's individual circumstances. The district court did not err. The record reflects that the district court considered the 18 U.S.C. § 3553(a) sentencing

factors, including the need for deterrence. Moreover, the three-year term of supervised release is substantively reasonable in light of the totality of the circumstances, including Jimenez-Arzate's criminal history and prior deportations. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also* U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**