**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HMONG 2; et al., | No. 19-15226 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-00927-TLN-AC |
| v. | |
| UNITED STATES OF AMERICA; CENTRAL INTELLIGENCE AGENCY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 26, 2020**
San Francisco, California

Before:  GOULD, CHRISTEN, and BRESS, Circuit Judges.

In this putative class action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), Plaintiffs allege that the United States failed to protect the Hmong people from atrocities that the communist government in Laos perpetrated after the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Vietnam War. Plaintiffs claim that in exchange for Hmong assistance during the war, the United States, including through verbal assurances from Presidents Eisenhower and Kennedy, promised to protect the Hmong from retribution by the Laotian government, but then failed to do so. The district court dismissed the case for lack of subject matter jurisdiction under the political question doctrine. We affirm.

1.     Plaintiffs in their opening brief "agree that the conduct of the United States in not holding up its part of the treaty in protecting the Hmong soldiers and their families constitutes political question issues within the meaning of *Baker v. Carr*, 369 U.S. 186 (1962)." That concession is well-taken. To determine whether a claim presents a political question, the Court considers the *Baker v. Carr* factors and asks whether the claim inextricably involves:

> [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Baker*, 369 U.S. at 217. The presence of any of these factors is enough to present a political question, although the factors "often collaps[e]" into each other. *Alperin v.*

*Vatican Bank*, 410 F.3d 532, 544 (9th Cir. 2005). If a case presents a political question, federal courts lack subject matter jurisdiction to consider it. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979–81 (9th Cir. 2007).

The district court correctly determined that Plaintiffs' claims present nonjusticiable political questions. Plaintiffs' lawsuit would require the court to pass judgment on United States foreign policy in Southeast Asia for a period spanning several decades. "It is well established that the conduct of foreign relations is committed by the Constitution to the political departments of the Federal Government; and that the propriety of the exercise of that power is not open to judicial review." *Corrie*, 503 F.3d at 983 (quotations and alterations omitted). In addition, "[w]hether to grant military or other aid" to the Hmong "is a political decision inherently entangled with the conduct of foreign relations." *Id.*

2. The district court did not err in rejecting Plaintiffs' request for an exception to the political question doctrine for claims based on alleged war crimes. As we explained in *Alperin*, the Court is "not a war crimes tribunal" and "[t]o act as such would require us to intrude unduly on certain policy choices and value judgments that are constitutionally committed to the political branches." 410 F.3d at 560 (quotations and alterations omitted). Plaintiffs acknowledge that *Alperin* controls but ask us to re-examine that decision. However, as a three-judge panel, we are "without authority to overrule a circuit precedent; that power is reserved to the

circuit court sitting en banc." *Newdow v. Lefevre*, 598 F.3d 638, 644 (9th Cir. 2010) (quotations omitted).

3. Insofar as Plaintiffs' claims are based on alleged breaches of treaties, the claims remain nonjusticiable under the political question doctrine under these circumstances. *See Republic of Marshall Islands v. United States*, 865 F.3d 1187, 1200–01 (9th Cir. 2017). Plaintiffs have not shown that the treaties at issue are self-executing, *id.* at 1192–99, or, in some instances, that they are "treaties" under U.S. law.

**AFFIRMED.**