NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY FORTER, | No. 20-35452 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-01171-JR |
| v. | |
| STUART YOUNG; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding[**]

Submitted July 10, 2023[***]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Former Oregon state prisoner Jeffrey Forter appeals pro se from the district

court's summary judgment under 42 U.S.C. § 1983 and the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"). He seeks injunctive and declaratory

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief, as well as compensatory and punitive damages, alleging that prison officials'

denial of his request for religious diet accommodation violated his constitutional

rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*,

821 F.3d 1085, 1090 (9th Cir. 2016). We affirm in part and dismiss in part.

We first note that in light of Forter's release from custody, his claims for

declaratory and injunctive relief are dismissed as moot.[1] *See Am. Cas. Co. of

Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there

is no longer a present controversy as to which effective relief can be granted). We

now turn to Forter's remaining claims for compensatory and punitive damages for

violations of his constitutional rights. *See Cano v. Taylor*, 739 F.3d 1214, 1217 (9th

Cir. 2014) ("[C]laims for monetary damages survive a prisoner's release from . . .

custody." (citation omitted)).

The district court properly granted summary judgment to defendants on

Forter's Free Exercise Clause claim because he failed to raise a genuine dispute of

---

[1] *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief[.]" (citation and internal quotation marks omitted)); *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam) (same for declaratory relief). Forter's RLUIPA claim is thus moot because "[o]nly injunctive relief, not monetary damages, is available pursuant to RLUIPA." *Al Saud v. Days*, 50 F.4th 705, 709 (9th Cir. 2022). Forter's Free Exercise Clause and Establishment Clause claims are likewise moot to the extent he seeks injunctive or declaratory relief. *See Alvarez*, 667 F.3d at 1064.

material fact whether defendants coerced or substantially pressured him into consuming a vegetarian diet when he had access to, and the means of obtaining, kosher meat. *See Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (under the Free Exercise Clause, a substantial burden "must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs" (citation omitted)).

The district court also properly granted summary judgment to defendants on Forter's Establishment Clause claim. Here, Forter's grievance cited a Bible verse to support his religious diet accommodation request. His claim is based on the response he received from a prison official, which disagreed with Forter's interpretation and referenced an additional verse. However, the Establishment Clause does not prevent religious references by state actors, *see Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 971 (9th Cir. 2011), and the prison official's actions do not constitute an unconstitutional "official policy that 'establishes a religion or religious faith, or tends to do so,'" *see Newdow v. Lefevre*, 598 F.3d 638, 643 (9th Cir. 2010) (quoting *Lynch v. Donnelly*, 465 U.S. 668, 678 (1984)).

Next, the district court did not abuse its discretion by denying Forter's motions to compel because Forter failed to demonstrate that the denial of discovery resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Finally, we reject as meritless Forter's contention that the district court was biased against him.

**AFFIRMED in part, and DISMISSED in part.**