# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE BANUELOS-AYON,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney
General,

Respondent.

No. 07-71667

Agency No.
A039-719-895

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 14, 2010—San Francisco, California

Filed July 14, 2010

Before: Alex Kozinski, Chief Judge, Consuelo M. Callahan,
Circuit Judge, and Ricardo S. Martinez, District Judge.*

Opinion by Judge Callahan

---

*The Honorable Ricardo S. Martinez, United States District Judge for
the Western District of Washington, sitting by designation.

10219

## COUNSEL

Richard H. Frankel (argued), and Steven H. Goldblatt, Supervising Attorneys, and Susan Gardinier, and Katherine Swan, Student Counsel, of Georgetown University Law Center's Appellate Litigation Program of Washington, D.C., for the petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, David V. Bernal, Tiffany Kleinert (argued), and Jesse M. Bless, of Washington, D.C., for the respondent.

## OPINION

CALLAHAN, Circuit Judge:

Jose Banuelos-Ayon ("Banuelos-Ayon" or "petitioner") is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on July 3, 1985. Following his 2000 conviction for a domestic violence offense, Banuelos-Ayon was charged with removability for committing a crime of violence pursuant to 8 U.S.C. § 1227(a)(2)(E)(i). On October 26, 2006, Banuelos-Ayon conceded removability and submitted an application for cancellation of removal. The BIA denied his application, holding that his conviction under California Penal Code § 273.5(a) is categorically a crime of domestic violence. We agree and deny his petition for review.

**I.**

In Spring 2000, Banuelos-Ayon and his girlfriend — the mother of his children — were engaged in a heated argument. At some point during the argument petitioner's girlfriend drove away because "she never wanted to see [Banuelos-Ayon] again." Banuelos-Ayon chased after her in his car. He tried to block her car in at a stop sign "simply so [they] could talk." As a result, the two vehicles collided, and his girlfriend was injured. Banuelos-Ayon left the scene of the accident and was later arrested at his place of work.

On April 5, 2000, he pleaded guilty to "Corporal Injury to a Spouse/Cohabitant" in violation of California Penal Code § 273.5(a) and to a sentencing enhancement under California Penal Code § 12022(b) for use of a deadly weapon in the commission of the offense. On September 12, 2006, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Banuelos-Ayon with being removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i). Banuelos-Ayon conceded the charge of removability and on October 26, 2006, submitted an application for cancellation of removal.

On December 20, 2006, the Immigration Judge ("IJ") issued a written decision and two separate orders. In the first order, the IJ held that Banuelos-Ayon was not removable because DHS failed to establish by clear and convincing evidence that he had been convicted of a crime of domestic violence within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). In the second order, the IJ concluded that if the BIA determined Banuelos-Ayon was removable because his conviction qualified as a crime of domestic violence, his application for cancellation of removal would be denied as a matter of discretion.

Both parties appealed the IJ's rulings to the BIA. On April 23, 2007, the BIA reversed the IJ's holding terminating the removal proceedings and affirmed the IJ's alternative holding

denying cancellation of removal. With respect to removability, the BIA held that § 273.5(a) categorically qualified as a crime of domestic violence under 18 U.S.C. § 16(a) and (b). It reasoned that "[i]n light of the fact that a person cannot be convicted under section 273.5(a) without willfully using direct physical force of such violence as to cause a traumatic condition to the victim, we are satisfied that the offense has the use of physical force against the person of another as an element." The BIA confined its analysis to the categorical approach and did not address the IJ's findings regarding the modified categorical approach.

## II.

Whether a state criminal conviction is a removable offense is reviewed de novo. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126 n.7 (9th Cir. 2006) (en banc). The BIA's interpretation of whether California Penal Code § 273.5(a) is a crime of violence within the meaning of 18 U.S.C. § 16 is not entitled to deference because the BIA is not charged with administering that statute. *Id.*

## III.

**[1]** A legally admitted alien is removable if he has been convicted of a crime of domestic violence. 8 U.S.C. § 1227(a)(2)(E)(i) (any alien who at any time after admission is convicted of a crime of domestic violence . . . is deportable"). 8 U.S.C. § 1227(a)(2)(E)(i) defines a crime of domestic violence as including any "crime of violence (as defined in section 16 of Title 18) against a person committed . . . by an individual with whom the person shares a child in common." A crime of violence is defined by 18 U.S.C. § 16 as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Supreme Court stated in *Leocal v. Ashcroft*, that the "use, attempted use or threatened use of force" under 18 U.S.C. § 16(a) requires "a higher degree of intent than negligent or merely accidental conduct." 543 U.S. 1, 9 (2004). In *Fernandez-Ruiz*, we held that the "bedrock principle of *Leocal* is that to constitute a federal crime of violence, an offense must involve the intentional use of force against the person or property of another." 466 F.3d at 1132.

**[2]** Banuelos-Ayon pled guilty to California Penal Code § 273.5(a), which provides:

Any person who *willfully inflicts* upon a person who is . . . the mother or father of his or her child . . . *corporal injury resulting in a traumatic condition* is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

(emphasis added).

In determining whether petitioner's conviction under California Penal Code § 273.5(a) constitutes a crime of violence, we apply the standard set forth in *Taylor v. United States*, 495 U.S. 575 (1990); *see Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886-88 (9th Cir. 2003). Under this test, the court makes a categorical comparison of the elements of the state statute of conviction to the generic federal definition of a crime of domestic violence in order to determine whether the full range

of conduct proscribed by the statute of conviction is broader than the generic definition. *Taylor*, 495 U.S. at 598-99.

If the statute of conviction reaches both conduct that does and does not constitute the generic definition of a crime of domestic violence, the court must conduct a modified categorical analysis. *See United States v. Pallares-Galan*, 359 F.3d 1088, 1099-1103 (9th Cir. 2004). Under this approach, the court considers "whether documentation or other judicially noticeable facts in the record indicate that [the petitioner] was convicted of the elements of the generically defined crime." *Huerta-Guevara*, 321 F.3d at 887. The purpose of the modified categorical approach is "to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc).[1]

## IV.

We conclude that Banuelos-Ayon's conviction under California Penal Code § 273.5(a) is categorically a crime of vio-

---

[1]We, like the BIA, confine our analysis to the categorical approach. We note, however, that the government admitted at oral argument that because California Penal Code § 273.5 is a "wobbler" — that is because a conviction under the section can be either a misdemeanor or a felony depending on the sentence imposed — a conviction under § 273.5(a) is not a categorical crime of violence under 18 U.S.C. § 16(b). *See Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844 (9th Cir. 2003). Accordingly, a modified categorical analysis is necessary if § 16(b) is invoked, because in determining whether the conviction is a felony, it is necessary to look beyond the statute. *See Fernandez-Ruiz*, 466 F.3d at 1132 (noting that under the modified categorical approach, "we consider whether any of a limited, specified set of documents — including 'the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment' (sometimes termed 'documents of conviction') — show the petitioner's conviction entailed an admission to, or proof of, the necessary elements of a crime of violence.") (internal citation omitted).

lence under 18 U.S.C. § 16(a), despite his arguments to the contrary.

Banuelos-Ayon first asserts that like simple battery, § 273.5(a) can be violated by any unwanted touching, whether violent or non-violent. In support of his argument, he cites *Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006). In *Ortega-Mendez*, we held that a misdemeanor battery under California Penal Code § 242 is not a categorical crime of violence because the statute did not require the use of violent force. Section 242 defines misdemeanor battery as "any willful and unlawful use of force or violence upon the person of another." We noted that the phrase "force *or* violence" indicates that the statute covers non-violent force; otherwise the word "or" would be surplusage. *Id.* at 1016. We then explained that the phrase "use of force or violence" in § 242 was a "term of art, requiring neither a force capable of hurting or causing injury nor violence in the usual sense of the term." *Id.* at 1016-17 (citation omitted). Accordingly we concluded that because misdemeanor battery could be violated through the "least touching," the statute did not require the use of violent force and thus was not a crime of violence under the federal generic statute. *Id.*

**[3]** *Ortega-Mendez*, however, is readily distinguishable because a conviction under § 273.5(a) requires more than a simple battery. Unlike § 242, which criminalizes the use of "force or violence," § 273.5(a) contains no differentiating provision. California Penal Code § 273.5(a) requires that the defendant "*willfully inflict . . . corporal injury* resulting in a *traumatic condition*." (emphasis added). The commonsense reading of this language is that § 273.5(a) requires the use of violence. *See United States v. Jimenez*, 258 F.3d 1120, 1125 (9th Cir. 2001) (holding that a defendant could not "reasonably[ ] dispute that inflicting corporal injury on his spouse involved the use of violence"). Unlike simple battery, which requires "neither a force capable of hurting or causing injury nor violence in the usual sense of the term," § 273.5(a)

requires both physical force and a resulting injury. In sum, a conviction under § 273.5(a) is a crime of violence because it requires "the intentional use of force against [a] person." *Fernandez-Ruiz*, 466 F.3d at 1132. Moreover, because the elements of California Penal Code § 273.5(a) differ from simple battery under California Penal Code § 242, *Ortega-Mendez* is not controlling.

Although we look to federal law to define "crime of domestic violence," we look to the California courts to determine the elements of California Penal Code § 273.5(a). *See Johnson v. United States*, 130 S. Ct. 1265, 1269 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law."). A leading California court case on the elements of § 273.5(a) is *People v. Jackson*, 77 Cal. App. 4th 574 (Cal. Ct. App. 2000). This case arose out of an incident in which Jackson and his girlfriend were fighting outside their apartment. *Id.* at 575. Jackson pushed his girlfriend against his car, and when she turned to leave, she tripped over a curb and suffered injury. *Id.* at 576. Jackson was found guilty of violating § 273.5(a) and appealed. *Id*. The California Court of Appeal modified the judgment to reflect a conviction of the lesser included offense of simple battery, holding that there was insufficient evidence that defendant inflicted corporal injury on his girlfriend. *Id.* at 580. The court noted:

> [I]f the Legislature had defined Penal Code section 273.5 in broader terms, rather than "willfully inflicts," we would conclude that it intended to extend criminal liability to the direct, natural and probable consequences of [ ] battery. Since it appears that the Legislature intended section 273.5 to define a very particular battery, we conclude the section is not violated unless the corporal injury results from a *direct application of force* on the victim by the defendant.

*Id*. (emphasis added).

**[4]** *Jackson* confirms that California courts define the elements of § 273.5(a) as requiring the direct use of force against a person. The "direct application of force" that *Jackson*, 77 Cal. App. 4th at 580, held is required by § 273.5(a) is the equivalent of the "intentional use of force" contemplated by this court in *Fernandez-Ruiz* and distinct from the "least offensive touching" required for simple battery. Thus, following the interpretation of the elements of § 273.5(a) set forth in *Jackson*, we conclude that § 273.5(a) is categorically a crime of violence under 18 U.S.C. § 16(a).

Banuelos-Ayon contends that despite *Jackson*, California courts have interpreted § 273.5(a) to require only the "least offensive touching" — to require only simple battery. He cites three unpublished California Court of Appeal decisions: *People v. Stearns*, No. B183521, 2006 WL 946671 (Cal. Ct. App. Apr. 13, 2006), *People v. Guster*, No. C043276, 2004 WL 397060 (Cal. Ct. App. Mar. 4, 2004), and *People v. McCombs*, No. F036894, 2002 WL 31097693 (Cal. Ct. App. Sept. 20, 2002). These unpublished opinions are not binding authority, but they might present non-hypothetical examples of situations where § 273.5(a) was used to punish conduct that falls outside the scope of the generic definition of a crime of violence. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (noting that "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.").

On review, none of the cited unpublished cases concern conduct punished under § 273.5(a) that might be characterized as "the least offensive touching." In *Stearns*, 2006 WL 946671, at *1, the defendant broke the victim's cell phone, beat her over the head with it, slammed her head into a car dashboard, and told her she was going to die. In *McCombs*,

2002 WL 31097693, at *1, the defendant repeatedly hit the victim in the head, kicked her twice in the head with his boot, and hit her across the back with the buckle end of a belt. The defendants' actions in both of these cases clearly involved the use of violent force against persons.

The third case, *Guster*, also provides little support for Banuelos-Ayon's position. In *Guster*, 2004 WL 397060, at *2, the issue was whether the defendant's prior conviction in 1988 under § 273.5(a) for domestic abuse was a crime of moral turpitude and could be used to impeach him. There is no description of the facts or allegations of the 1988 conviction, and accordingly, *Guster* does not even intimate that § 273.5(a) might apply to simple battery. None of the unpublished state cases cited by Banuelos-Ayon contradict the California Court of Appeal's published opinion in *Jackson* that § 273.5(a) requires that "corporal injury results from a *direct application of force* on the victim by the defendant." *Jackson*, 77 Cal. App. 4th at 580.[2]

Thus, viewing the cases cited by Banuelos-Ayon in a light most favorable to his position, they either do not contradict, or they affirm, that for a conviction under § 273.5(a) there must be a strong enough use of direct force to result in an injury. Accordingly, they do not support a departure from the California Court of Appeal's published decision in *Jackson*, which supports the conclusion that § 273.5(a) is a categorical crime of violence.

Even if we were not inclined to find that a conviction under California Penal Code § 273.5(a) is a categorical crime of violence, we would be bound by our recent precedent to that

---

[2]Banuelos-Ayon also cites our unpublished opinion in *Estrada v. County of Los Angeles*, 91 F. App'x 28 (9th Cir. 2004). But unpublished dispositions of our circuit have no precedential force. 9th Cir. R. 36-3. Moreover, the terse memorandum disposition is not contrary to our reading of § 273.5.

effect. In *United States v. Laurico-Yeno*, 590 F.3d 818 (9th Cir. 2010), we held that § 273.5 is a categorical crime of violence in the criminal context. We reasoned:

> The plain terms of the statute require a person willfully to inflict upon another person a traumatic condition, where willfully is a synonym for intentionally. The statute defines a traumatic condition as one that is "caused by physical force." Under California law, this willful infliction requires "a direct application of force on the victim by the defendant." This means a defendant can be convicted under § 273.5 only if he or she intentionally uses "physical force against the person of another." Because a person cannot be convicted without the intentional use of physical force, § 273.5 categorically falls within the scope of a "crime of violence."

*Id.* at 821 (internal citations omitted). Laurico-Yeno, like Banuelos-Ayon, argued that § 273.5 includes non-violent conduct outside the scope of the term "crime of violence." We, however, found that his argument lacked merit because § 273.5 penalizes the intentional use of force that results in a traumatic condition, and not minimal, non-violent touchings. *Id.*

Banuelos-Ayon contends that *Laurico-Yeno* is distinguishable from the present case because *Johnson* is an intervening opinion by a higher authority that undermines *Laurico-Yeno*. This contention misreads *Johnson*. *Johnson* concerned a conviction for simple battery under Florida law. 130 S. Ct. at 1269. The Florida statute was more akin to California's simple battery statute, California Penal Code § 242, than to § 273.5(a).[3] Accordingly, nothing in *Johnson* is contrary to

---

[3]Justice Alito in his dissent in *Johnson*, cites California Penal Code § 242, but not California Penal Code § 273.5(a), as a statute that reaches "both the use of violent force and force that is not violent but is unlawful and offensive." 130 S. Ct. at 1277.

our approach to determining the elements of a conviction under California Penal Code § 273.5(a), nor our conclusion that a conviction under that statute is a categorical crime of violence under 18 U.S.C. § 16(a).

## V.

We conclude that a conviction under California Penal Code § 273.5(a) is a categorical crime of violence under 8 U.S.C. § 16(a). The petition for review is **DENIED**.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2010 Thomson Reuters/West.