**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE TALAMANTES-AGUAYO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-75768 <br><br> BIA-1: A092-631-574 |

| | |
|---|---|
| JOSE GUADALUPE TALAMANTES-AGUAYO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72333 <br><br> BIA-1: A092-631-574 <br><br> MEMORANDUM[*] |

Petitions to Review Orders of the Board of Immigration Appeals

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 10, 2010[**]
San Francisco, California

Before: COWEN[***], TASHIMA and SILVERMAN, Circuit Judges.

In these consolidated petitions for review, José Guadalupe Talamantes-Aguayo, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) orders (1) dismissing his appeal from an Immigration Judge's (IJ) removal order and denying his motion to remand (No. 06-75768); and (2) denying his motion to reopen (No. 09-72333). Our jurisdiction is governed by 8 U.S.C. §§ 1252(a)(1) and (a)(2)(D). We review questions of law de novo and the denial of motions to remand or reopen for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We dismiss in part and deny in part the petition for review in No. 06-75768, and deny the petition for review in No. 09-72333.

A.      Petition for Review in No. 06-75768

We lack jurisdiction to review Petitioner's challenge to his charges of removability because he failed to raise this challenge before the BIA and thereby

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In any event, although Petitioner's conviction under California Penal Code § 273.5(a) is not categorically a crime involving moral turpitude, *Morales-Garcia v. Holder*, 567 F.3d 1058, 1065-66 (9th Cir. 2009), it is a crime of domestic violence rendering him removable under Immigration and Nationality Act (INA) § 237(a)(2)(E)(i), *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1085-86 (9th Cir. 2010).

The agency did not err in pretermitting Petitioner's concurrent applications for cancellation of removal under INA § 240A(a) and a waiver of inadmissibility under former INA § 212(c) on the ground that an alien who receives § 212(c) relief cannot also receive §240A relief. *See Garcia-Jiminez v. Gonzales*, 488 F.3d 1082, 1086 (9th Cir. 2007).

The BIA did not abuse its discretion in denying Petitioner's motion to remand to apply for adjustment of status under INA § 245(a) because Petitioner failed to demonstrate prima facie eligibility for the requested relief. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (stating that the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law").

        B.     <u>Petition for Review in No. 09-72333</u>

The BIA did not abuse its discretion in denying Petitioner's motion to remand because it was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that a motion to reopen must be filed within ninety days of the final order of removal). Furthermore, to the extent that Petitioner challenges the BIA's decision declining to invoke its authority to reopen the proceedings sua sponte, *see* 8 C.F.R. § 1003.2(a), we lack jurisdiction to review this discretionary decision. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**No. 06-75768: PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

**No. 09-72333: PETITION FOR REVIEW DENIED.**

**THE MOTION BY COUNSEL FOR PETITIONER TO WITHDRAW IS GRANTED.**