**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANTONIO ROSAS-LEON, | No. 08-70372 |
| Petitioner, | Agency No. A044-551-191 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Antonio Rosas-Leon, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") order denying his application for cancellation of

removal under 8 U.S.C. § 1229b(a).  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010), and we deny the petition for review.

The IJ correctly determined that Rosas-Leon's 2004 conviction for violating Cal. Penal Code § 273.5 is an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F), where he was sentenced to a term of imprisonment of one year. *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083 (9th Cir. 2010) (a conviction under Cal. Penal Code § 273.5 is categorically a crime of violence under 18 U.S.C. § 16(a)); *see also Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1083 (9th Cir. 2008) ("[W]e do not use the categorical and modified categorical approach to determine whether a petitioner has met any sentencing requirement specified in § 1101(a)(43)."). The IJ therefore did not err in concluding that Rosas-Leon was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3).

Because he conceded removability under 8 U.S.C. § 1227(a)(2)(B)(i), Rosas-Leon's contention that the IJ improperly allocated the burden of proof is unavailing. *See* 8 C.F.R. § 1240.8(d); *see also Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1127 (9th Cir. 2007). Rosas-Leon's due process claim is also unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

08-70372