NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS RIVERA-CEREZO, a.k.a. Juan Carlos Rivera, | No. 08-71918 |
| Petitioner, | Agency No. A092-552-077 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Juan Carlos Rivera-Cerezo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his application for cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010), and we deny the petition for review.

The agency correctly determined that Rivera-Cerezo's 2006 conviction for violating California Penal Code § 273.5(a) is an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F), where he was actually sentenced to a term of imprisonment of at least one year. *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083 (9th Cir. 2010) (a conviction under Cal. Penal Code § 273.5(a) is categorically a crime of violence under 18 U.S.C. § 16(a)). Rivera-Cerezo's contention that the two-year sentence he incurred cannot be attributed to his offense for the purposes of 8 U.S.C. § 1101(a)(43)(F) is unpersuasive. The agency therefore did not err in concluding that Rivera-Cerezo was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3).

**PETITION FOR REVIEW DENIED.**