**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



AGUSTO SOTO-CESAR, a.k.a., Cesar Agusto Soto, a.k.a Cesar Augusto Soto-Alvarado,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73511

Agency No. A074-790-779

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Agusto Soto-Cesar, a native and citizen of Guatemala, petitions pro se for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's decision denying his applications for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal and special-rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1082 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA correctly concluded that Soto-Cesar's 2006 conviction under California Penal Code § 273.5(a) constitutes a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i) that disqualifies him from eligibility for cancellation of removal under 8 U.S.C. § 1229b(b). *See Banuelos-Ayon*, 611 F.3d at 1085. Soto-Cesar's assertion that his offense was only a misdemeanor does not alter this conclusion. *See* 18 U.S.C. § 16(a) (defining a "crime of violence" without requiring a felony conviction); *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1056 (9th Cir. 2010) (concluding that the petty-offense exception to inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(ii) is unavailable to cancellation applicants who possess a conviction for a crime of domestic violence).

Soto-Cesar waived any challenge to the BIA's denial of asylum, withholding of removal, and protection under the Convention Against Torture by failing to raise any argument regarding these issues. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007).

12-73511

The court lacks jurisdiction to review the BIA's factual determination that Soto-Cesar is ineligible for NACARA relief. *See Ixcot v. Holder*, 646 F.3d 1202, 1213 (9th Cir. 2011).

In light of our disposition, we need not reach Soto-Cesar's remaining contentions that he merits relief because his other convictions were also misdemeanors and that his removal will cause extreme hardship to him and his family. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**