**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN ORLANDO QUIJANO, | No. 12-72691 |
| Petitioner, | |
| v. | Agency No. A092-052-771 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Edwin Orlando Quijano, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

cancellation of removal, and denying his motion to remand based on new evidence.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and review the denial of a motion to remand for abuse of discretion, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1097-98 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

The agency properly determined that Quijano is removable as an alien convicted of a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i) based on his 2006 conviction for violating California Penal Code § 273.5(a). *See Banuelos-Ayon v. Holder,* 611 F.3d 1080, 1086 (9th Cir. 2010).

Because the agency denied Quijano's application for cancellation of removal as a matter of discretion, our jurisdiction is limited to colorable legal or constitutional challenges. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D) (barring review of denials of discretionary relief). Quijano's contention that he should have been granted cancellation in light of the positive equities in his case is not a colorable claim that would retain our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006).

We lack jurisdiction to review Quijano's claims regarding voluntary departure and ineffective assistance of counsel because he did not raise them

before the BIA, and therefore failed to exhaust his administrative remedies. *Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

To the extent that Quijano challenges the BIA's denial of his motion to remand, the BIA did not abuse its discretion because Quijano did not demonstrate that the evidence he submitted with his motion was material, new, and previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1). We do not consider the extra-record evidence submitted for the first time with Quijano's opening brief because the court's review is limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A). We deny Quijano's request to remand so that the agency may consider an additional item of evidence.

Quijano's contention that the IJ violated his right to due process by denying a continuance is unsupported by the record.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**