**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZUO CHEN ZHANG,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-71269<br><br>Agency No. A075-614-733<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015[**]
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,[***] Chief
District Judge.

Zuo Chen Zhang petitions for review of the Board of Immigration Appeals'

(BIA) order (1) dismissing his appeal from the immigration judge's (IJ) denial of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, Chief District Judge for the U.S.
District Court for the District of Minnesota, sitting by designation.

his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT); and (2) denying his motion to remand. We deny Zhang's petition in part and dismiss it in part.

**1.** We need not decide whether the REAL ID Act of 2005 applies here. The BIA decided the case, in the alternative, under both pre- and post-REAL ID Act standards. Even under pre-REAL ID standards, Zhang has not established that he is entitled to relief.

**2.** The BIA did not abuse its discretion when it determined that Zhang committed a "particularly serious crime" that renders him ineligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii); *Alphonsus v. Holder*, 705 F.3d 1031, 1043 (9th Cir. 2013). An asylum applicant who has been "convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime." 8 U.S.C. § 1158(b)(2)(B)(i). A "crime of violence . . . for which the term of imprisonment [is] at least one year" constitutes an aggravated felony. *Id.* § 1101(a)(43)(F).

Zhang's 2003 conviction for the willful infliction of corporal injury, in violation of California Penal Code § 273.5(a), is categorically a "crime of violence." *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083–86 (9th Cir. 2010). Although Zhang was originally sentenced to 364 days' imprisonment, he was later

sentenced to three years' imprisonment due to a probation violation. That term of imprisonment renders his 2003 conviction an aggravated felony. *See United States v. Jimenez*, 258 F.3d 1120, 1125–26 (9th Cir. 2001). Accordingly, Zhang's 2003 aggravated felony conviction is a "particularly serious crime" that disqualifies him for asylum relief.

**3.** We lack jurisdiction to decide whether Zhang is eligible for withholding of removal. Zhang contends that the IJ's "particularly serious crime" determination is erroneous because the IJ did not address the *In re Frentescu* factors. He did not, however, raise this argument on appeal to the BIA. His "particularly serious crime" claim with respect to withholding of removal is unexhausted and therefore falls outside our jurisdiction. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

**4.** Substantial evidence supports the BIA's determination that Zhang is ineligible for CAT relief. Assuming, as the BIA did, that Zhang provided credible testimony, Zhang failed to meet his burden of proving that he more likely than not would be tortured because of his religious beliefs upon returning to China. *Zhou v. Gonzales*, 437 F.3d 860, 871 (9th Cir. 2006); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam).

**5.** The police report concerning Zhang's 2003 conviction—which relies on evidence gathered from witness interviews conducted in Mandarin—did not require a certificate of translation to be admissible, as the report was written in English. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 898 n.7 (9th Cir. 2008).

**6.** Zhang contends his due process rights were violated when the BIA reopened the proceedings before giving him an opportunity to file a supplemental response in opposition to the government's motion to reopen. But Zhang did file a response in opposition to the motion, and he presented his arguments before the IJ granted the government's motion to reopen. Zhang has also failed to demonstrate how he was prejudiced by the denial of his request to file a supplemental response. *See Dent v. Holder*, 627 F.3d 365, 373 (9th Cir. 2010).

**7.** The government was not precluded from charging Zhang with removability as an aggravated felon in the reopened proceedings. The issue of whether Zhang's 2003 conviction rendered him ineligible for relief was not adjudicated on the merits during the earlier proceedings, as those proceedings were terminated on procedural grounds.

**8.** The BIA properly determined that the government did not engage in affirmative misconduct. Zhang claims that the government charged him with removability despite already knowing that he had been granted conditional

derivative asylum. Zhang has failed to prove that the government's conduct exceeded mere negligence, *see Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007), or that the alleged wrongful act caused him to suffer a serious injustice, *see Perez-Mejia v. Holder*, 663 F.3d 403, 417 (9th Cir. 2011), *as amended*.

**9.** The BIA did not abuse its discretion when it denied Zhang's motion to remand. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097–99 (9th Cir. 2005). Motions to remand are held to the same formal requirements as motions to reopen. *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987). Accordingly, the BIA can deny a motion to remand because of the movant's failure to present new evidence that was previously unavailable. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Zhang contends that the BIA should have remanded his proceedings due to his introduction of a law review article. *See* Jennifer L. Zegel, *Bloody Persecution: Plight of the Falun Gong*, 9 RUTGERS J.L. & RELIGION 8 (2007). Zhang has not demonstrated how the article, published four years before the start of his reopened proceedings, was previously unavailable.

**PETITION DENIED IN PART and DISMISSED IN PART.**