**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL MARTINEZ GARCIA, AKA Jose Manuel Martinez, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-73702 Agency No. A206-407-484 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jose Manuel Martinez Garcia, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Carrillo v. Holder*, 781 F.3d 1155, 1157 (9th Cir. 2015), and review for abuse of discretion the denial of a motion for remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency correctly concluded that Martinez Garcia's 2014 conviction under California Penal Code § 273.5(a) is a categorical crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i). *See Carrillo*, 781 at 1157-60 (holding that a materially similar version of Cal. Penal Code § 273.5(a) is categorically a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i)); *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1081, 1083-86 (9th Cir. 2010) (holding that Cal. Penal Code § 273.5(a) is categorically a crime of domestic violence and rejecting the argument that Cal. Penal Code § 273.5(a) does not require force and injury). Martinez Garcia's contentions to the contrary are unavailing. Accordingly, the agency correctly concluded that Martinez Garcia is ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(E)(i).

The BIA properly concluded that it could not consider Martinez Garcia's contentions that he was not guilty of the criminal offenses for which he was convicted and that he was subjected to due process violations in his criminal proceedings, as the agency may not entertain a collateral attack on a judgment of

14-73702

conviction, unless that judgment is void on its face. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2010) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

Contrary to Martinez Garcia's contention, the BIA did not err in declining to reach the question of whether his convictions constituted crimes involving moral turpitude, where its determination that the convictions were crimes of domestic violence was dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

To the extent Martinez Garcia challenges the BIA's decision not to remand to the IJ for Martinez Garcia to file a U visa application, the BIA did not abuse its discretion, where Martinez Garcia provided no evidence of prima facie eligibility. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation and internal quotation marks omitted)); *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812-16 (BIA 2012) (discussing how a petitioner may establish prima facie eligibility for a U visa such that a continuance or remand might be

warranted).

We lack jurisdiction to consider Martinez Garcia's unexhausted contentions that his convictions should not count for immigration purposes, his bond is excessive, the conditions of his detention violate due process, and that he may be eligible for reopening before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

Martinez Garcia's remaining contentions are unavailing.

Martinez Garcia's December 4, 2015, "motion to proceed with petition for review" is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**