NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROLANDO GRACIANO RUIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-625

Agency No.
A095-631-084

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2024**
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and BOLTON, District Judge.***

Rolando Graciano-Ruiz, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("the Board") affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

immigration judge's ("IJ") order denying asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal under 8 U.S.C. § 1229b(b)(1). Where, as here, the Board affirms the IJ's order and cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "we review both the IJ's and the [Board's] decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing the IJ's and the Board's (collectively, the "agency") factual findings for substantial evidence and its legal conclusions de novo, *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we dismiss in part and deny in part the petition for review.

1.     We lack jurisdiction to review the agency's determination that extraordinary circumstances did not excuse Mr. Graciano's untimely asylum application, because the underlying facts regarding the agency's determination are disputed. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *c.f. Ramadan v. Gonzales*, 479 F.3d 646, 648, 657 (9th Cir. 2007) (per curiam) (exercising jurisdiction over consideration of one-year bar where facts were undisputed). Accordingly, we dismiss the petition with respect to Mr. Graciano's asylum claim.

2.     Withholding of removal requires Mr. Graciano to demonstrate that if he were deported, his "life or freedom would be threatened" due to his "race, religion, nationality, membership in a particular social group, or political opinion."

*Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting 8 U.S.C. § 1231(b)(3)).  Mr. Graciano may establish eligibility for withholding of removal "by establishing a presumption of fear of future persecution based on past persecution" or "through an independent showing of clear probability of future persecution."  *Id*. (citing 8 C.F.R. § 1208.16(b)(1)–(2)). Mr. Graciano describes his particular social group as "male members of the Graciano family."

Even assuming that "members of the Graciano family" is a legally cognizable social group, Mr. Graciano did not demonstrate that any past or future "persecution was or will be on account of his membership in such group." *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (emphasis omitted).  Mr. Graciano himself was never directly targeted by the rival gang, and the one incident in which he was harmed occurred so long ago that he cannot recall who his assailants were or why they attacked him.  Coupled with the fact that the last identified act of violence occurred against his family in 1989, Mr. Graciano's fear of harm is speculative and reflects a generalized fear of violence, which is insufficient to demonstrate eligibility for withholding of removal.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3.      To be eligible for CAT protection, Mr. Graciano must establish that "it is more likely than not that he . . . would be tortured if removed."  8 C.F.R. § 208.16(c)(2).  Mr. Graciano concedes he was not tortured in the past.  And the

3                                         23-625

agency rejected Mr. Graciano's CAT application because his fear of future torture was speculative and based on one isolated incident that occurred decades ago. Further, the record evidence of general violence, crime, and corruption in Mexico did not sufficiently establish that Mr. Graciano is personally at risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Thus, "[f]or the same reasons stated above under withholding of removal, the record does not compel the conclusion that [Mr. Graciano] merits CAT protection." *Tamang,* 598 F.3d at 1095.

4.     Lastly, Mr. Graciano challenges the agency's denial of his application for cancellation of removal on the grounds that his conviction for willfully inflicting corporal injury in violation of California Penal Code § 273.5(a), is categorically a crime of domestic violence.[1]  Mr. Graciano's challenge is

---

[1] The BIA mischaracterized the IJ's decision as having concluded that the offense qualified as a crime involving moral turpitude. The IJ's actual conclusion was that the petitioner's conviction is categorically a crime of domestic violence. But the BIA stated that it "*adopt[ed]* and affirm[ed] the Immigration Judge's decision . . . to deny his application[] . . . for the relief of cancellation of removal" (emphasis added), citing to *Matter of Burbano*, and later stated that the "Immigration Judge correctly determined that the respondent's offense . . . render[ed] him ineligible for cancellation of removal," expressing no disagreement with the IJ's decision on cancellation of removal.  "Our caselaw establishes that where the BIA cites its decision in *Burbano* and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005). We therefore consider the BIA to have adopted the IJ's determination that § 273.5(a) is a crime of domestic violence for immigration purposes.

foreclosed by precedent. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1081 (9th Cir. 2010) (affirming the finding that a conviction under California Penal Code § 273.5(a) is categorically a crime of domestic violence); *Carrillo v. Holder*, 781 F.3d 1155, 1158 (9th Cir. 2015) (same). "[A] three-judge panel may not overrule a prior decision of the court." *Miller v. Gammie*, 335 F.3d 889, 889 (9th Cir. 2003) (en banc). Thus, the agency did not err in determining that Mr. Graciano is ineligible for cancellation of removal.

**DISMISSED in part and DENIED in part.** [2]

---

[2] Mr. Graciano's motion to stay removal pending this Court's resolution of his petition for review is DENIED as moot.