NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL SANCHEZ-REYNA,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 21-973<br><br>Agency No. A092-160-137<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 3, 2024
Pasadena, California

Before: CLIFTON, COLLINS, and LEE, Circuit Judges.

Gabriel Sanchez-Reyna, a citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") upholding an order of an Immigration Judge ("IJ") denying his application for cancellation of removal under § 240A(a) of the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1229b(a). We have jurisdiction under § 242 of the INA. *See* 8 U.S.C. § 1252. We grant the petition and remand to the BIA.

In February 2002, Sanchez-Reyna was convicted in California superior court

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of willful infliction of corporal injury to a spouse or cohabitant, in violation of California Penal Code § 273.5(a). The offense was classified as a misdemeanor under California Penal Code § 17(b)(4), and Sanchez-Reyna was sentenced to 365 days of imprisonment, with 350 days of his sentence suspended. Sanchez-Reyna was subsequently charged as being removable under INA § 237(a)(2)(A)(iii), *see* 8 U.S.C. § 1227(a)(2)(A)(iii), on the ground that his conviction under § 273.5(a) was an "aggravated felony" within the meaning of INA § 101(a)(43)(F), *see* 8 U.S.C. § 1101(a)(43)(F). In August 2015, an IJ concluded that the § 273.5(a) conviction was for an aggravated felony, and she sustained the charge of removability and further noted that this finding precluded Sanchez-Reyna from obtaining cancellation of removal under INA § 240A(a)(3), *see* 8 U.S.C. § 1229b(a)(3). Sanchez-Reyna nonetheless subsequently filed a written application for cancellation of removal. In November 2018, a different IJ denied that application, concluding that, despite recent changes in California law, Sanchez-Reyna's conviction under § 273.5 remained an aggravated felony and rendered him ineligible for cancellation of removal. The BIA upheld the IJ's denial of cancellation of removal solely on the ground that, because Sanchez-Reyna had not specifically challenged the earlier *removability* finding, the aggravated-felony determination underlying that finding "triggers the bar to cancellation of removal under section 240A(a)(3) of the Act."

1. The BIA erred in dismissing Sanchez-Reyna's appeal based solely on his failure to specifically challenge the earlier removability finding.

As relevant here, an "aggravated felony" includes "a crime of violence (as defined in section 16 of title 18 . . . ) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The cross-referenced definition provides that a "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Sanchez-Reyna's brief before the BIA expressly contended that his conviction under § 273.5 was improperly held to be an aggravated felony under these provisions because (1) in denying his application for cancellation in 2018, the IJ failed to conduct the analysis required under the "categorical approach" of *Moncrieffe v. Holder*, 569 U.S. 184 (2013); and (2) his actual sentence was less than one year of imprisonment because, in light of the retroactive application of California Penal Code § 18.5, his actual and potential sentence for his § 273.5(a) conviction had been reduced to 364 days.

With respect to Sanchez-Reyna's first argument, the BIA's point about Sanchez-Reyna's failure to challenge the 2015 removability determination has some force. Although (as the BIA noted) the IJ who rejected Sanchez-Reyna's cancellation application in 2018 did not undertake the required categorical analysis of the elements of § 273.5(a), the IJ who found him removable in 2015 *did* do so.

3

In that 2015 order, the IJ noted that this court had specifically held, in *Banuelos-Ayon v. Holder*, 611 F.3d 1080 (9th Cir. 2010), "that § 273.5(a) is categorically a crime of violence under 18 U.S.C. § 16(a)." *Id*. at 1085. Given that the IJ, in ruling in 2018, made clear that she was aware of the prior history and rulings in the case, the BIA reasonably faulted Sanchez-Reyna for failing to challenge on appeal the merits of the earlier 2015 determination that § 273.5(a) was categorically a crime of violence under *Banuelos-Ayon*. As to the latter point, Sanchez-Reyna's brief contained no argument, but merely contended that the IJ's 2018 ruling did not *itself* undertake a categorical analysis. The BIA therefore properly held that Sanchez-Reyna had forfeited any contention that § 273.5(a) was not categorically a crime of violence under *Banuelos-Ayon*.[1]

The BIA's forfeiture point is flawed, however, when considered in the context of Sanchez-Reyna's separate argument about the retroactive effect of § 18.5. That issue had *not* been addressed in the earlier 2015 ruling (because the California Legislature did not make § 18.5 retroactive until 2017), and the merits of that issue *were* squarely raised in Sanchez-Reyna's appeal brief before the BIA. To the extent that the resolution of that properly raised merits issue in Sanchez-Reyna's favor would necessarily have the collateral effect of *also* calling into

---

[1] In any event, we cannot discern any grounds on which *Banuelos-Ayon*'s holding on this point can be distinguished. Indeed, Sanchez-Reyna's counsel conceded at argument that *Banuelos-Ayon* was controlling on this point.

4

question the earlier removability determination, that would simply mean that the BIA should, in that circumstance, view Sanchez-Reyna's arguments as necessarily subsuming an implicit challenge to the removability determination as well. It provides no basis for finding that Sanchez-Reyna had forfeited his properly raised objection to the denial of cancellation of removal.

We therefore hold that the BIA erred in failing to address the merits of Sanchez-Reyna's contention that, in light of § 18.5, his 2002 conviction under § 273.5(a) no longer qualified as an aggravated felony. Although the Government argues that the BIA's ruling should be construed as having "concluded that Mr. Sanchez-Reyna was removable despite the recent change in California law ([California Penal Code] § 18.5)," the BIA's decision contains no language that would support such a reading. On the contrary, by its plain terms, the BIA's decision rests solely on Sanchez-Reyna's failure to expressly challenge the 2015 ruling on removability.

2. Generally, "if the record before the agency does not support the agency action, or if the agency has not considered all relevant factors, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 628–29 (2023) (simplified); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943). But "remand may be unwarranted in cases where there is not the slightest

5

uncertainty as to the outcome of the agency's proceedings on remand." *Calcutt*, 598 U.S. at 630 (simplified). "Where the agency was *required* to take a particular action," the fact "that it provided a different rationale for the necessary result is no cause for upsetting its ruling." *Id.* (simplified).

Here, the parties disagree as to whether this court's decision in *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081 (9th Cir. 2021), required the agency to reject Sanchez-Reyna's argument that § 18.5 retroactively reduced his *actual* sentence to less than one year and that the "term of imprisonment" *imposed* on him was therefore no longer "at least one year," as required by the relevant definition of an "aggravated felony." 8 U.S.C. § 1101(a)(43)(F). Sanchez-Reyna argues that *Velasquez-Rios* is distinguishable, because it addressed § 18.5's retroactive effect in the context only of INA § 237(a)(2)(A)(i), which applies to convictions involving crimes "for which a sentence of one year or longer *may* be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II) (emphasis added). The Government, by contrast, argues that the reasoning of *Velasquez-Rios* applies equally to the "aggravated felony" issue presented here, with its focus on the actual sentence imposed. Neither side has pointed us to any published authority from this court that addresses this precise issue. Without expressing any view as to the merits of that issue, we are not persuaded that this is the "rare circumstance[]" in which we should depart from the *Chenery* remand rule. *Calcutt*, 598 U.S. at 629.

6

Accordingly, we grant Sanchez-Reyna's petition and remand to the BIA for further proceedings consistent with this memorandum.

**PETITION GRANTED.**