

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>VIEN THI HO,<br><br>                   Debtor. | BAP No. CC-23-1067-GLS |
| | Bk. No. 2:22-bk-11157-SK |
| VIEN THI HO,<br>                 Appellant,<br>v. | Adv. No. 2:22-ap-01164-SK |
| MALY OUM; DIN PHO; NEDA<br>ROSHANIAN; ROSHANIAN LAW<br>FIRM, INC.; HARRY SAFARIAN; THE<br>SAFARIAN FIRM, APC,<br>                 Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sandra R. Klein, Bankruptcy Judge, Presiding

Before: GAN, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Vien Thi Ho ("Debtor") appeals the bankruptcy

court's order dismissing with prejudice her adversary complaint against

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

her neighbors, Maly Oum and Din Pho, and their lawyers, Neda Roshanian, Roshanian Law Firm, Inc., Harry Safarian, and The Safarian Firm, APC (collectively "Appellees"). Debtor asserted numerous claims, but each count was premised on her central claim that Appellees willfully violated the automatic stay by filing and maintaining a state court suit against her.

The bankruptcy court properly dismissed the complaint because Debtor failed to allege sufficient facts to state a claim for relief. The court properly dismissed the complaint with prejudice because amendment would be futile. We AFFIRM.

**FACTS[2]**

**A.    Prepetition Events**

In 2017, Debtor filed suit in the United States District Court for the Central District of California ("District Court") against her neighbors, Maly Oum and Din Pho, who were represented by Ms. Roshanian. The suit involved a property line dispute pertaining to the alley between their properties in Long Beach, California. The District Court ultimately dismissed the case for lack of subject matter jurisdiction.

In 2019, Debtor filed a second suit in District Court against Ms. Oum and Mr. Pho, and added as defendants, Ms. Roshanian, the City of Long

---

Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case and related adversary proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Beach Public Works Department, the Long Beach Police Department, and certain city officials and police officers. In the second District Court action, Mr. Safarian represented Ms. Oum, Mr. Pho, and Ms. Roshanian. Debtor asserted violations of her civil and constitutional rights, conspiracy, fraud, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), quiet title, and other claims, and she sought damages of $23,250,000. She alleged that city officials, police, Ms. Roshanian, Ms. Oum, and Mr. Pho conspired to violate her rights, first by determining that the property in question belonged to Ms. Oum and Mr. Pho, and then by forcing Debtor to remove her belongings from the area while a wall was constructed on the property line. The District Court dismissed several of her claims with prejudice, dismissed her state law claims without prejudice, and allowed certain civil rights claims to proceed.

Debtor then filed suit in Los Angeles Superior Court against the same defendants, asserting claims for unlawful eviction and invasion of privacy, California constitutional violations, and quiet title by adverse possession. The state court dismissed the case.

Ms. Roshanian claims that in 2021, Debtor created a website which made several defamatory statements about her. On March 3, 2022, Ms. Roshanian filed a state court suit against Debtor for: (1) Invasion of Privacy; (2) Libel; (3) Libel Per Se; (4) Intentional Infliction of Emotional Distress; and (5) Unfair Business Practices (the "Libel Action"). Mr. Safarian represented Ms. Roshanian in the Libel Action.

**B.     The bankruptcy and adversary proceedings**

One day prior to commencement of the Libel Action, Debtor filed a chapter 7 petition. She did not schedule Ms. Roshanian's claim or include her in the list of creditors.

On July 1, 2022, Debtor filed two documents in Libel Action: a motion to quash service and a separate case management statement. Although the case management form required Debtor to indicate any matters affecting jurisdiction, including bankruptcy, she did not do so. On July 5, 2022, Debtor appeared at a hearing on her motion to quash service, but she did not inform the state court of her pending bankruptcy. On July 7, 2022, after the state court denied her motion to quash service, Debtor filed a notice of stay of proceedings due to the bankruptcy case.[3] Debtor then filed a notice of removal of the Libel Action to the bankruptcy court. Ms. Roshanian opposed the removal and sought remand to the state court.

On August 23, 2022, Debtor filed an adversary complaint against Appellees, asserting claims for: (1) willful violations of the automatic stay; (2) fraud; (3) negligent misrepresentation; (4) violations of the Fair Debt Collection Practices Act ("FDCPA"); (5) quiet title; (6) violations of RICO; and (7) declaratory relief, seeking damages of $21,275,000. She alleged that Appellees conspired to willfully violate the automatic stay by filing and maintaining the Libel Action, which she contended violated her civil and

---

[3] On July 7, 2022, Debtor also amended her schedules to include the Roshanian claim.

4

constitutional rights. She alleged that Appellees committed fraud and negligent misrepresentation by making a false statement that they could file and maintain the Libel Action, and she alleged that Ms. Oum and Mr. Pho misrepresented that they could execute an illegal eviction and wrongfully keep the property. Debtor maintained she was entitled to quiet title because of the alleged fraud, and she sought a declaratory judgment that Appellees' actions were fraudulent. Finally, she alleged various RICO claims, all based on the predicate act of fraud in filing and maintaining the Libel Action.

On September 20, 2022, Debtor filed in the main bankruptcy case a motion for contempt against Ms. Roshanian, Mr. Safarian, and The Safarian Firm. She argued that Ms. Roshanian and Mr. Safarian willfully violated the stay by filing and maintaining the Libel Action, and by seeking remand to the state court. Debtor suggested the Libel Action was void, and though she admitted she did not give notice of the bankruptcy case until July 7, 2022, she argued that Ms. Roshanian was required to dismiss the Libel Action upon learning of the stay.

The bankruptcy court denied the motion and found that neither Ms. Roshanian nor Mr. Safarian had notice of the bankruptcy case until July 7, 2022. The court stated that the automatic stay did not require dismissal of the Libel Action so long as Ms. Roshanian took no further action in the state court. The court specifically found that the only actions taken by Ms. Roshanian, Mr. Safarian, and The Safarian Firm after July 7,

2022, were in the bankruptcy court, and those actions did not constitute stay violations.

**C.    The motion to dismiss and the court's ruling**

While the contempt motion was pending, Appellees filed a motion to dismiss the adversary complaint with prejudice. They argued that Debtor failed to allege facts to support a willful violation of the stay and noted that Debtor misrepresented the existence of her bankruptcy case to the state court. Appellees asserted that Debtor failed to plead the fraud and negligent misrepresentation claims with particularity, and they argued the remaining claims were fatally defective and devoid of factual allegations.

Debtor opposed the motion to dismiss and maintained that her complaint contained sufficient facts. She argued that Appellees failed to specifically address each claim in detail, and she moved to strike the motion to dismiss as untimely and non-compliant with bankruptcy rules.

After a hearing, the bankruptcy court dismissed Debtor's complaint with prejudice. The court reasoned that Debtor failed to allege sufficient facts to state a claim for willful violation of the stay based on its prior factual findings in denying the motion for contempt, which the court considered law of the case. Because Debtor failed to allege a misrepresentation by Appellees, the court dismissed the claims for fraud and negligent misrepresentation, and it dismissed the RICO and declaratory judgment claims because they were based either on a willful stay violation or fraud. The court dismissed the FDCPA claim because

6

Debtor did not allege any debt collection and none of Appellees' alleged acts constituted a violation of the FDCPA. Finally, the court reasoned that Debtor's quiet title claim was barred by the California statute of limitations because it was based on fraud.

The court then considered whether it should grant leave to amend under Civil Rule 15(a), made applicable by Rule 7015. The court applied the factors outlined in *Foman v. Davis*, 371 U.S. 178, 182 (1962), and determined that leave to amend was not warranted. The court held that, based on law of the case, Debtor could not allege additional facts to state a claim for willful violation of the stay, and thus amendment would be futile. Additionally, the court ruled that amendment would prejudice Appellees by forcing them to litigate issues that had been litigated for years in state and District Court and would force Appellees to continue litigating the willful violation claim despite the court's prior denial of that claim. The court entered a written order dismissing the complaint with prejudice, and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion by dismissing Debtor's adversary complaint?

Did the bankruptcy court err by denying leave to amend the adversary complaint?

## STANDARDS OF REVIEW

"We review de novo the [trial] court's grant of a motion to dismiss under [Civil] Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (citing *Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010)). Under de novo review we "consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review a dismissal without leave to amend for abuse of discretion. *Tracht Gut, LLC v. Cnty. of Los Angeles (In re Tracht Gut, LLC)*, 503 B.R. 804, 810 (9th Cir. BAP 2014), *aff'd*, 836 F.3d 1146 (9th Cir. 2016) (citing *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Debtor argues that the court erred by dismissing her claims for fraud, declaratory judgment, RICO violations, and quiet title. She does not argue that the court erred by dismissing her claim for willful violation of the stay,

and thus, she has waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Debtor also argues the court should have granted leave to amend the complaint.

## A. The court did not abuse its discretion by granting Appellees' motion to dismiss.

Civil Rule 12(b)(6), made applicable by Rule 7012, provides that dismissal is appropriate if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing the adequacy of the complaint, the court must accept as true all allegations and construe them in the light most favorable to the plaintiff. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Consequently, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted). A motion to dismiss "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Debtor's complaint is nearly devoid of factual allegations and thus, dismissal was unquestionably appropriate. While the complaint is replete with legal conclusions, the only real fact Debtor alleges is that Ms. Roshanian filed and maintained the Libel Action after the petition date. Not only does Debtor fail to make any argument relevant to the stay violation claim, but her own admissions—and the court's prior findings of fact—foreclose any possibility of a willful stay violation.

Section 362(a)(1) prohibits the commencement or continuation of a judicial action against a debtor to recover a prepetition claim. A creditor commits a willful violation of the automatic stay if she knows of the stay and her actions that violate the stay are intentional. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002).

Filing and maintaining the Libel Action is a clear violation of the stay, but Debtor did not allege that Appellees had notice of the stay, and the court specifically found they did not have notice until July 7, 2022. Thus, Appellees' actions were not a willful violation of the stay.

Debtor argues that the court erred by dismissing her claims for fraud, declaratory judgment, RICO violations, and quiet title, but each of those claims flows directly from the purported willful stay violation. Debtor's claim for fraud is based on the alleged misrepresentation by Mr. Safarian and Ms. Roshanian that they could file and maintain the Libel Action.[4] Not

---

[4] Debtor also makes a conclusory allegation that Ms. Oum and Mr. Pho fraudulently misrepresented that they could illegally evict Debtor and keep the portion

only is this purported injury factually indistinguishable from the alleged willful stay violation, but Debtor fails to allege essential elements of a fraud claim, including that Appellees knew such representation was false and made it with intent to defraud, and that Debtor justifiably relied on the representation.[5] And, as the bankruptcy court held, the allegations in the complaint lacked the requisite particularity required by Civil Rule 9, made applicable by Rule 7009.

Regarding the RICO claim, Debtor failed to include sufficient factual allegations to establish conduct of an enterprise or a pattern of racketeering activity, and the only predicate act was "fraud" in filing the Libel Action.[6] Similarly, Debtor's quiet title claim is based on a cloud to title caused by the fraud claim, and her claim for declaratory judgment merely seeks a declaration that Appellees committed fraud.

---

of the alley in question. The documents attached to the complaint demonstrate that the 2019 "eviction" was pursuant to a determination by the Long Beach Public Works Department that Debtor did not own the disputed portion of the alley. Additionally, any claim of fraud based on statements made in 2019 is barred by the three-year statute of limitations. *See Cal. Civ. Proc. Code* ("CCP") § 338(d).

[5] The elements of fraud under California law are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge that the representation is false; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 638 (1996).

[6] Pursuant to 18 U.S.C. § 1964(c), civil remedies are available to persons injured by RICO violations described in 18 U.S.C. § 1962. The elements of a RICO offense are: (1) conduct; (2) of an enterprise; (3) through a pattern of racketeering activity. *Salina v. United States*, 522 U.S. 52, 62 (1997). "Pattern of racketeering activity" requires at least two acts of "racketeering activity," referred to as predicate acts, and defined in 18 U.S.C. § 1961(1). *Id.*

Regardless of the multiple causes of action asserted by Debtor, her complaint makes clear that her alleged injury was caused by the purported willful stay violation. It was not the result of independent acts of fraud or racketeering. Debtor's complaint lacks any facts to support claims for fraud, declaratory judgment, RICO, or quiet title, and it lacks a cognizable legal theory why filing the Libel Action could support any of these claims. The bankruptcy court did not err by dismissing the complaint.

**B.    The court did not abuse its discretion by dismissing the complaint with prejudice.**

Pursuant to Civil Rule 15, made applicable by Rule 7015, leave to amend a complaint should be freely given when justice so requires. The court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "This policy is 'to be applied with extreme liberality,'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)), and the rule favoring liberal application "is particularly important for the pro se litigant," *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

In determining whether to grant leave to amend, the bankruptcy court should consider several factors including: (1) undue delay; (2) bad faith or dilatory motive by the movant; (3) repeated failure to cure

deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman*, 371 U.S. at 182). The consideration of prejudice to the opposing party carries the greatest weight. *Eminence Cap., LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted).

Debtor does not make any cogent argument why the court abused its discretion in denying leave to amend. She cites the *Foman* factors, but she does not address how the court abused its discretion by determining that amendment would be futile or that it would prejudice Appellees. Moreover, we find no abuse of discretion.

Although Debtor asserts seven causes of action in her complaint, they all stem from the purported willful stay violation. In denying Debtor's motion for contempt,[7] the bankruptcy court made factual findings that: (1) Appellees did not have notice of the bankruptcy until July 7, 2022, and (2) Appellees took no further action against Debtor in the Libel Action. Those factual findings were essential to the court's ruling and are law of the case.[8]

---

[7] The motion for contempt was a contested matter, governed by Rule 9014. Civil Rule 52, made applicable to contested matters by Rules 7052 and 9014(c), requires the court to provide findings of fact and conclusions of law.

[8] Under the law of the case doctrine, a court is barred from reconsidering an issue

Consequently, Debtor's claim that Appellees willfully violated the stay by filing the Libel Action could not be saved by any amendment. And because the bankruptcy court found that Appellees took no action against Debtor after learning of the bankruptcy, there are no additional facts which Debtor could allege to support a willful stay violation based on continuing or maintaining the Libel Action.[9]

Debtor's remaining claims are all based on the injury caused by the purported willful stay violation. It is not possible for Debtor to amend her complaint to allege a completely new injury without contradicting the allegations in her original complaint. *See Ready v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading." (cleaned up)). Additionally, Debtor's quiet title claim is based on fraud and therefore barred by the statute of

---

previously decided in the same court or a higher court in the same case. *FDIC v. Kipperman (In re Com. Money Ctr., Inc.)*, 392 B.R. 814, 832 (9th Cir. BAP 2008) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)).

[9] Although the parties and court viewed continued actions in the state court as possible violations of the stay, the automatic stay terminated with respect to actions against the Debtor upon entry of discharge on June 13, 2022. *See* § 362(c)(2)(C); *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 551 (9th Cir. BAP 2002). Because Appellees learned of the bankruptcy case after the stay had terminated, no additional facts could establish a willful stay violation. However, the decision to grant leave to amend "is not dependent of whether the amendment will add causes of action or parties," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), and Debtor could conceivably allege additional facts to state a violation of the discharge injunction. But based on the court's factual findings that Appellees took no action against Debtor after learning of the bankruptcy, such an amendment would be futile.

limitations under CCP § 338(d). Thus, amendment of the complaint would be futile.

Furthermore, we agree that amendment would be prejudicial to Appellees, who have successfully defended against Debtor's multiple claims for fraud, conspiracy, RICO, and quiet title based on the underlying property dispute. Appellees should not be required to repeatedly defend against these allegations merely because Debtor tethers them to a new cause of action. The bankruptcy court did not err by dismissing Debtor's complaint, and it did not abuse its discretion by denying leave to amend under Rule 15(a).

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order dismissing Debtor's complaint with prejudice.